# IN THE COURT OF APPEALS OF IOWA

No. 23-0746
Filed August 9, 2023

**IN THE INTEREST OF C.A., C.A., M.A., and L.N.,**
**Minor Children,**

**S.T., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Benton County, Carrie K. Bryner, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Alexander S. Momany of Howes Law Firm, P.C., Cedar Rapids, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Rebecca Williams, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

A mother appeals the termination of her parental rights to her four children, arguing the State did not prove the statutory elements of termination, the State did not provide reasonable efforts at reunification, she should receive an extension of time to work toward reunification, and a permissive exception should preclude termination.  We reject each argument and affirm the juvenile court.

## I.      Background Facts & Proceedings

The mother's four children—C.A. (born 2012), C.A. (born 2013), M.A. (born 2015), and L.N. (born 2016)—came to the attention of the Iowa Department of Health and Human Services (HHS) in August 2021, after the agency received reports that the mother and her paramour were using methamphetamine in the presence of the children.  The mother initially refused to allow her children to be drug tested but, after the children were removed from the mother in November 2021, three of the children tested positive for methamphetamine.  All of the children were initially placed with their maternal grandmother, but one was later moved to foster care due to behavioral issues.

The fathers of the children were rarely involved with reunification services and almost never visited their children throughout the lifetime of the case.  The mother engaged with some services offered but did not make meaningful progress with any of them.  The mother missed almost every drug test offered since removal, she never meaningfully engaged in substance-abuse treatment, and she admitted to using methamphetamine and marijuana up to the termination hearing.

HHS also offered the mother visits with her children, but she rarely utilized them, visiting her children 24 out of a possible 112 times.  Social workers tried to

facilitate visits for the mother, working around her schedule and offering to give her gas cards or drive her, but the mother refused to cooperate or take advantage of these opportunities.

This lack of cooperation with HHS extended past visits with the children, as the mother also refused to provide updates on housing and employment, which led HHS to believe the mother was homeless. Only during the termination hearing did the mother explain that she was living with a paramour not approved by the agency to be around the children.

Based on this lack of progress from any parent, the State petitioned to terminate the mother's and fathers' parental rights in October 2022, which then proceeded to hearing in January 2023. In April 2023, the juvenile court issued an order terminating the parents' rights. Only the mother appeals.

## II.      Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). "[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *Id.*

## III.      Discussion

On appeal, the mother argues the State did not prove the statutory elements of termination, the State did not provide reasonable efforts at reunification, she should have received an extension of time to work toward reunification, and a permissive exception should preclude termination. We reject all of these arguments.

The mother first contests whether the State proved the statutory elements of termination, namely whether the State demonstrated that her children could not be safely returned to her at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f) (2022). On review, we find they could not be safely returned.

Throughout the case, the mother never meaningfully addressed her drug addictions and failed to make significant progress at any treatment program she entered. We presume her numerous no-shows for testing would have returned positive results, and the mother admitted to using methamphetamine and marijuana up until the termination hearing. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) ("[The parent] missed several drug tests over the life of this case. We presume these missed tests would have been positive for illegal substances."). These unrelenting drug addictions, which persisted through the time of termination, are enough to show the children could not be safely returned to their mother. *See State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005) ("What parent among us would entrust a three-year old to a meth addict? No right thinking parent would do so, because of the dangers and hazards.").

In addition to these issues with controlled substances, the mother was unable to secure stable housing, she lived with a paramour not approved to be around her children, and she never showed a consistent interest in being with her children. These factors further convince us that the children could not be safely returned at the time of the termination hearing.

Second, the mother complains that HHS failed to provide reasonable efforts to reunify her with her children. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000); *see*

Iowa Code § 232.116(1)(f). We find this allegation unfounded. Throughout the proceedings, HHS provided the mother with assistance to visits, mental-health services, and substance-abuse services. HHS provided reasonable efforts, and we affirm the juvenile court on this issue.

Third, the mother requests a six-month extension of time to work toward reunification. *See* Iowa Code § 232.104(2)(b). We reject this request. The mother showed little lasting improvement over the course of proceedings, and her past conduct suggests that her situation would not meaningfully change over an additional six months. *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) ("[T]he juvenile court may deny termination and give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of additional six-month period.'" (quoting Iowa Code § 232.104(2)(b))); *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) ("[T]he parents' past performance … may indicate the quality of care the parent is capable of providing in the future."). The children could not be returned to their mother at the time of the termination hearing, and we are convinced they could not be returned to their mother within six months either.

Last, we decline to apply any permissive exceptions to termination. *See* Iowa Code § 232.116(3). The mother bears the burden to prove the application of any exception. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). She argues for the application of an exception based on a relative's legal custody of the children and based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(a), (c). We reject both arguments. The first requested exception is inapplicable, as HHS held legal custody of the children at termination. *In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021) ("[T]his exception can come into play only

when a relative has 'legal custody.'" (citing Iowa Code 232.116(3)(a))). The mother's second argument does not persuade us either. When determining whether to apply this exception, "our consideration must center on whether the child[ren] will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the children's] developing needs." *D.W.*, 791 N.W.2d at 709. While the mother has a bond with her children, the children have been placed in safe and stable environments where they can mature and grow, and these benefits of safety, stability, and growth far outweigh the potential disadvantages of termination. We affirm the termination of parental rights.

**AFFIRMED.**